Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
Harijot S. Khalsa, Esq. (SBN 277242)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:    619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions.legal
drichard@sessions.legal
hskhalsa@sessions.legal

Attorneys for Defendant Credence Resource Management, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA GOMEZ, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>            Defendant | Case No.: 2:16-cv-01256 DSF SS<br><br><br>ANSWER AND AFFIRMATIVE DEFENSES OF CREDENCE RESOURCE MANAGEMENT, LLC |

Defendant Credence Resource Management, LLC ("Credence"), hereby answers the Complaint of Teresa Gomez ("Plaintiff"), as follows:

## NATURE OF THE CASE

1.      Credence admits Plaintiff has brought this action against it under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Except as specifically admitted Credence denies the allegations in paragraph 1.

## JURISDICTION AND VENUE

2.      Credence denies the allegations in paragraph 2. Further answering, Credence admits this court has jurisdiction under 28 U.S.C. § 1331. *Mims v Arrow Fin. Servs*., 132 S.Ct. 740 (2012).

3.      Credence admits that it holds a license to do business within the State of California. Except as specifically admitted, Credence denies the allegations in paragraph 3.

## PARTIES

4.      Credence admits that Plaintiff is a natural person. Credence lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4, and therefore denies the same.

5.      Credence admits that it is a Nevada limited liability company, and that it engages in collections. Except as specifically admitted, Credence denies the allegations in paragraph 5.

## FACTUAL ALLEGATIONS

8. [sic] Credence admits that in and around September 2015, Credence called a phone number ending in 5008, in an attempt to collect an outstanding obligation owed to AT&T Mobility. Except as specifically admitted, Credence denies the allegations in paragraph 8.

9.      Credence admits that it made calls to a phone number ending in 5008 on September 4 and 10, 2015, among others.

10.     Credence denies the allegations in paragraph 10.

11.     Credence denies the allegations in paragraph 11.

12.     Credence denies the allegations in paragraph 12.

13.     Credence denies the allegations in paragraph 13.

## CLASS ALLEGATIONS

14.     Credence denies the allegations in paragraph 14.

15.     Credence denies the allegations in paragraph 15.

16.     Credence denies the allegations in paragraph 16.

17.     Credence denies the allegations in paragraph 17.

18.     Credence denies the allegations in paragraph 18.

19.     Credence denies the allegations in paragraph 19, including subparagraphs a-c.

20.      Credence denies the allegations in paragraph 20.

21.     Credence denies the allegations in paragraph 21.

22.     Credence denies the allegations in paragraph 22.

23.     Credence denies the allegations in paragraph 23.

24.     Credence denies the allegations in paragraph 24.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 et seq.

25.     Credence incorporated herein by reference, as though fully rewritten herein, each of  its responses to paragraphs 1 through 24 set forth above, in response to paragraph 25.

26.     Credence denies the allegations in paragraph 26.

27.     Credence denies the allegations in paragraph 27.

28.     Credence denies the allegations in paragraph 28.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 et seq.

29.     Credence incorporated herein by reference, as though fully rewritten herein, each of  its responses to paragraphs 1 through 28 set forth above, in response to paragraph 29.

30.     Credence denies the allegations in paragraph 30.

31.     Credence denies the allegations in paragraph 31.

32.     Credence denies the allegations in paragraph 32.

PRAYER FOR RELIEF

FIRST CAUSE OF ACTION

Credence denies Plaintiff is entitled to the relief prayed for.

SECOND CAUSE OF ACTION

Credence denies Plaintiff is entitled to the relief prayed for.

**<u>AFFIRMATIVE DEFENSES</u>**

AND NOW, in further answer to the complaint, and for its affirmative defenses, Credence respectfully avers as follows.

1.     1.     Plaintiff's complaint fails to state a claim upon which relief may be granted.

2.     Credence alleges that each of the calls it made to the cellular telephone number ending 5008, were made using a human-initiated dialing system, not to be capable of automated or predictive dialing, that requires users to manually input the number to be called, to launch each call individually, and each call was made as a direct and proximate result of human intervention. Manually dialing, without the use of an automatic telephone dialing system, and without the use of an artificial or prerecorded voice, is not prohibited by the TCPA. *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 274 (3rd Cir. 2013); *Dobbin v. Wells Fargo Auto Fin., Inc.*, No. 10 C 268, 2011 WL 2446566, at *4 (N.D. Ill. June 14, 2011);

*Modica v. Green Tree Servicing, LLC*, No 14 C 3308, 2015 WL 1943222, at *3 (N.D. Ill. Apr. 29, 2015).

3.      Credence alleges with respect to the putative class accounts, it had the prior express consent of the called party or parties, as "[f]or non-telemarketing and non-advertising calls, express consent can be demonstrated by the called party giving prior express oral or written consent or, in the absence of instructions to the contrary, by giving his or her wireless number to the person initiating the autodialed or prerecorded call." 30 F.C.C. Rcd. 7961 ¶ 52 (2015) (internal footnotes omitted).

4.      Credence had a good faith basis to believe prior express consent existed relating to telephone numbers provided to Credence by the creditor to whom the debt was owed. *Chyba v. First Fin. Asset Mgmt., Inc.,* No. 12–cv1721–BEN, 2014 WL 1744136, at *12 (S.D. Cal. 30 Apr. 2014).

5.      Credence alleges one or more of the putative class accounts concern claims that are barred in whole or in part by the statute of limitations.

6.      Credence alleges one or more of the numbers called was not assigned to a paging service, cellular telephone service, specialized mobile radio service, or any service for which the called party is charged for the call.

7.      Credence alleges that one or more of the alleged debt collection calls were to a residential line and are not actionable under the TCPA, as debt collection

calls made to a landline are not actionable under the TCPA at all. *Meadows v. Franklin Collection Serv.*, 414 F. App'x 230, 235 (11th Cir.2011).

8.      Credence alleges that one or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

9.      Credence alleges that one or more of the calls was made without using an artificial or prerecorded voice. *Ybarra v. Dish Network, L.L.C.*, __F.3d__, No. 14-11316, 2015 WL 6159755, at *4 (5th Cir. Oct. 20, 2015).

10.      Credence alleges that one or more of the calls to cellular telephone numbers made was, by rule or order, exempted from the requirements of §227(1)(A)(iii), as provided in § 227(b)(2)(C), because such calls do not contain telemarketing messages, and/or such call was placed to a wireless number that has been ported from wireline service and such call is a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wireline to wireless service, and such number is not already on the national do-not-call registry or caller's company-specific do-not-call list.

11.      Credence alleges one or more of the calls related to the accounts is excepted from the scope of the TCPA as the calls were "made solely to collect a

debt owed to or guaranteed by the United States." Bipartisan Budget Act of 2015, PL 114-74, 129 Stat 584, § 301 (Nov. 2, 2015).

12.    Credence alleges on information and belief that an agent, spouse, family member or significant other, acting with actual or apparent authority, provided and/or knowingly released said phone number, either before, during or after the transaction that resulted in a debt owed, and thereby expressly consented to be called at the called number.

13.    Credence alleges the called number was previously assigned to a party, user or subscriber who consented to be called, Credence was without notice or knowledge that Plaintiff objected to such calls, and by virtue thereof, Credence possessed a secondary privilege that arose which permitted Credence to continue to act in accordance with the prior consent for a reasonable time and in a reasonable manner, and as such, any violation was neither negligent, knowing or willful. Restatement (Second) of Torts § 892A, cmt. i (1979).

14.    Credence alleges that one or more of the calls was made to a person who was not the called party, intended recipient, the regular user or the subscriber of the called number.

15.    Credence alleges that one or more of the calls were made after the called party's agent, having given the use of said cellular phone number to another

who gave prior express consent, or the called party's predecessor in interest having given prior express consent, amounts to waiver and/or estoppel.

16.     Credence alleges that one or more of the called parties having given the use of said cellular phone to another, and said other having expressly consented to be called by Credence, amounts to consent in fact, apparent consent, and conduct that would be understood by a reasonable person as indicating consent to Credence conduct.

17.     Credence alleges that because a party gave prior express consent, and said party is estopped from denying consent was given, the situation arising here is otherwise so unfair and inequitable to Credence that the party who gave consent should not be permitted to terminate his or her consent without adequate notice and an opportunity afforded to Credence to protect its interests.

18.     Credence alleges the damages claim for these telephone calls is "so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919). *See also e.g.*, *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 900 (W.D.Tex. 2001); *Maryland v. Universal Elections, Inc.*, 862 F.Supp.2d 457, 466 (D.Md. 2012).

19.     Credence alleges on information and belief that one or more of the putative class accounts may be subject to an arbitration clause and or a class action waiver.

20.     Credence alleges one or more of the putative class accounts may be subject to a prior release.

WHEREFORE, Defendant Credence Resource Management, LLC, respectfully requests that:

1.     Plaintiff take nothing by way of her Complaint;

2.     Judgment of dismissal be entered in favor of Defendant;

3.     Defendant be awarded its costs and attorney's fees incurred in defending this lawsuit;

4.     Defendant be granted such other and further relief as the Court deems just and proper.

Dated: March 29, 2016          SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.


                                        */s/ Debbie P. Kirkpatrick*
                                        Debbie P. Kirkpatrick, Esq.
                                        Attorney for Defendant,
                                        Credence Resource Management, LLC